IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-CR-0066-001-HDC |
| | ) | |
| LUIS MANUEL GONZALEZ, | ) | USM Number: 15285-112 |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the motion of defendant to reconsider this Court's Order denying his request for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 604). Defendant moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c), regarding Amendment 591, revising USSG §§1B1.2 and 2D1.2 (Dkt. # 589). This Court denied defendant's motion because the guideline revisions contained in Amendment 591 did not result in a lowering of the guideline range (Dkt. # 590). Defendant now moves for reconsideration based on his belief that the Court failed to properly calculate the guidelines under Amendments 591 and 484.

Defendant was convicted of Count One of the Superseding Indictment, charging conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. At the original sentencing, the Court imposed a sentence of life based on the Court's finding of a total offense level 43,[1] which required a life sentence. The Court found that, pursuant to Appendix A of the Sentencing Guidelines, the correct Chapter Two guideline for the offense of conviction was

---

[1] The calculated total offense level was 50; however, the maximum offense level within the Guidelines Sentencing Table is 43. Therefore, the total offense level was level 43.

USSG §2D1.1 – Unlawful Manufacturing, Importing, Exporting, Trafficking, or Possession; Continuing Criminal Enterprise. This Chapter Two offense guideline, to include various enhancements, resulted in total offense level 43.

In denial of defendant's motion for reduction of sentence, the Court found that retroactive Amendment 591 revised two sections of the Sentencing Guidelines, USSG §2B1.2, to clarify that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to relevant conduct of the defendant; and USSG §2D1.2, which addressed a circuit conflict and clarified that the enhanced penalties of §2D1.2 apply only in a case in which the defendant was convicted of an offense referenced to that guideline. The Court determined that Amendment 591 was not relevant to the facts of this case for two reasons. First, the Court used the Statutory Index (Appendix A) to determine the most applicable offense guideline for the count of conviction. See Appendix A, referencing USSG §2D1.1 for a conviction under 21 U.S.C. § 846.[2] Secondly, the offense guideline employed by the Court was §2D1.1, not §2D1.2. The second purpose of Amendment 591, clarifying application of §2D1.2, was not applicable to the instant case because the Court correctly applied a different offense guideline. Accordingly, the Court denied defendant's motion for reduction of sentence.

In defendant's motion to reconsider he argues that the Court erred by finding the defendant's total offense level was level 43. Defendant contends the total offense level cannot exceed level 38. In support of his argument, he offers Amendment 484, which he claims caps the total offense level

---

[2] Appendix A referenced several Chapter Two offense guidelines for a 21 U.S.C. § 846 conviction. Pursuant to USSG §1B1.2, comment. (n. 1), the Court chose the referenced offense guideline that was most appropriate for the offense conduct charged in the count of which the defendant was convicted. Defendant was charged with conspiring to possess with intent to distribute methamphetamine. Section 2D1.1 is for offenses involving the possession of or trafficking in controlled substances.

2

at level 38.  Defendant is incorrect.  Retroactive Amendment 484 does not limit the total offense level to level 38.  Amendment 484 addressed an inter-circuit conflict regarding the meaning of "mixture of substance" as used by §2D1.1, by expressly providing that this term does not include portions of a drug mixture that must be separated from the controlled substance before it can be used.  (See USSC Guidelines Manual Appendix C – Volume I, at 380.)  Defendant appears to confuse base offense level with total offense level.  In 1994 the Sentencing Commission did reduce the maximum base offense level in §2D1.1 from level 42 to level 38.  (See retroactive Amendment 505.)  The defendant was sentenced under the 1998 version of the Guidelines Manual.  (See PSR, ¶ 82.)  This manual incorporated both Amendment 484, effective November 1, 1993, and Amendment 505, effective November 1, 1994.  The Court found the defendant's base offense level was level 38 based on the quantity of controlled substances the defendant conspired to distribute.  Inclusive in this finding was the correct application of the meaning of a mixture of substance as directed by Amendment 484.  (See PSR, ¶ 83 (finding of base offense level 38 based on 15 kilograms of methamphetamine.)  Base offense level 38 was just the starting point for determination of defendant's sentence.  In addition, the Court added  two levels for possession of a weapon, two levels for importation of listed chemicals, four levels for organizing the criminal activity, two levels for use of underage persons, and two levels for obstruction of justice.  (See PSR, ¶¶ 84 - 89.)  This twelve-point enhancement increased the guideline calculation to level 50.  However, since USSG Chapter 5, Part A, Sentencing Table, comment. (n.2) caps the total offense level at 43, the Court found the total offense level was level 43, which required a sentence of life.  Total offense level 43 has remained unchanged since the inception of the Sentencing Guidelines.  (See Guidelines Manual

effective November 1, 1987, at 5.3 and <u>Guidelines Manual</u> effective November 1, 2007, at 591.) Amendment 484 did not alter the sentencing table found in Chapter 5, Part A.

The Court's finding of total offense 43 at the original sentencing and again upon consideration of defendant's motion to reduce sentence is correct. The guidelines as revised by Amendments 591 and 484 were considered and correctly applied in reaching this total offense level.

**IT IS THEREFORE ORDERED** that the defendant's motion to reconsider this Court's denial of defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 604) is **denied**.

**DATED** this 25th day of June, 2008.

*[signature]*
HONORABLE H. DALE COOK
Senior United States District Judge