UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
                                                     )
         Plaintiff, )
                                                   )
v. )   Case No. 99-CR-0066-001-CVE
                                                 )
LUIS MANUEL GONZALEZ, )
                                                 )
        Defendant. )

**OPINION AND ORDER**

Now before the Court is defendant's Request for Proof(s) of Claim from the United States Attorney (Dkt. # 624). Defendant argues that Title 18 of the United States Code was not properly enacted, and he asks the government to submit proof that the Court had subject matter jurisdiction to hear his criminal case. He demands that the government respond to his "claims" within 15 days, and he states that his claims will be deemed admitted if there is no response by the government and that the government will have conceded that the Court heard this case without personal or subject matter jurisdiction over defendant. Dkt. # 624.

Defendant was convicted of conspiracy to distribute cocaine and methamphetamine and, on April 28, 2000, he was sentenced by another judge of this Court to life imprisonment. Dkt. # 343. The Tenth Circuit Court of Appeals affirmed his conviction and sentence. Dkt. # 436. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 482), and the motion was denied without an evidentiary hearing. Dkt. # 499. The Tenth Circuit remanded the case for an evidentiary hearing on defendant's claim that his attorney coerced him into entering a guilty plea. Dkt. # 524. Following an evidentiary hearing, defendant's § 2255 motion was denied and that decision was affirmed by the Tenth Circuit. Dkt. ## 547, 585. Defendant filed a motion

to modify sentence under 18 U.S.C. § 3582 (Dkt. # 589) and an amended § 2255 motion (Dkt. # 591). Defendant's motion to modify sentence was denied and his amended § 2255 motion was "dismissed," but the judge declined to treat the amended § 2255 motion as a second or successive § 2255 motion. Dkt. # 597. The Tenth Circuit affirmed the denial of defendant's motion to modify sentence, but the Tenth Circuit remanded defendant's amended § 2255 motion with instructions to dismiss the motion for lack of jurisdiction. Dkt. ## 612, 613. The case was randomly reassigned to the undersigned. Defendant has now filed a motion demanding that the government provide proof that the Court had subject matter jurisdiction over this case. He argues that Title 18 of the United States Code is invalid because the House of Representatives voted on the legislation codifying Title 18, known as H.R. 3190, without a quorum, and there is no statute in force that allows federal courts to hear criminal matters. Dkt. # 624, at 2-3.

Before the Court can review the merits of defendant's motion, he must show that his motion is not a second or successive § 2255 motion and that the Court has jurisdiction to reach the merits of his claims. Although defendant styles his motion as a demand for "proof," it is clear that he is challenging the validity of his conviction and sentence. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Courts have found § 2255 to be an inadequate remedy only in extremely limited circumstances, such as when the sentencing court refuses to consider a § 2255 motion or inordinately delays when ruling on a § 2255 motion. Id. Defendant filed a § 2255 motion (Dkt. # 482), and his motion was denied. A second or successive motion under § 2255 will only be permitted in two situations:

2

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). The Court has reviewed defendant's motion and finds that it should be treated as a second or successive § 2255 motion, because he has already filed a § 2255 motion and he is again challenging the validity of his conviction and sentence. See United States v. Luginbyhl, 2012 WL 369269 (N.D. Okla. Feb. 3, 2012) (construing motion for relief under the All Writs Act based on the alleged invalidity of Title 18 as a second or successive § 2255 motion).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it

is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

In this case, there is no risk that a meritorious claim will be lost if defendant's motion is dismissed, because his argument concerning the alleged invalidity of Title 18 of the United States Code is meritless. This argument has been attempted many times and has been rejected by numerous federal courts. See United States v. Abdullah, 289 Fed. App'x 541 (3d Cir. 2008); United States v. Campbell, 221 Fed. App'x 459 (7th Cir. 2007); United States v. Levy, 849 F. Supp. 2d 1353 (S.D. Fla. 2012); Pegues v. United States, 2011 WL 5037509 (M.D. Ala. Sep. 26, 2011); Garey v. United States, 2010 WL 2507834 (M.D. Ga. Mar. 29, 2010); Garcia-Becerra v. United States, 2008 WL 2944558 (S.D. Tex. July 23, 2008); Mayfield v. United States Attorney General, 2008 WL 2130234 (E.D. Tex. May 16, 2008); United States v. Risquet, 426 F. Supp. 2d 310 (E.D. Pa. 2006); United States v. Lawrence, 2006 WL 250702 (N.D. Ill. Jan. 27, 2006). These are simply a few of the cases in which defendant's argument has been considered and rejected, and the Court finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Request for Proof(s) of Claim from the United States Attorney (Dkt. # 624) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of January, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4