# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 99-CR-0066-001-CVE |
| ) | |
| LUIS MANUEL GONZALEZ, ) | |
| a/k/a Luis, ) | |
| a/k/a Guero, ) | |
| a/k/a Auren Velasco, ) | |
| a/k/a Sergio Loera, ) | |
| a/k/a Luis Gonzalez, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Notice to Preserve Rights under Alleyne v. United States, 186 L. Ed. 2d 314 (2013) (Dkt. # 630). Defendant Luis Manuel Gonzalez claims that his sentence should be reduced in light of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). He disclaims any intention of seeking relief under 28 U.S.C. § 2255, but he states that he is "respectfully timely asking this Court for Alleyne benefits . . . ." Dkt. # 630, at 2.

On May 10, 1999, the grand jury returned an indictment charging defendant with conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine. Dkt. # 1. Defendant entered a guilty plea on October 1, 1999 and he was sentenced to life imprisonment. Dkt. # 346. Defendant filed an appeal challenging his sentence, and the Tenth Circuit Court of Appeals affirmed defendant's sentence. Dkt. # 436. Defendant filed a § 2255 motion (Dkt. # 482) and the motion was denied. Dkt. # 499. Defendant sought a certificate of appealability from the Tenth Circuit, and the Tenth Circuit granted his request. The Tenth Circuit reversed the denial of defendant's § 2255 motion and remanded the case for an evidentiary hearing. Dkt. # 524. An

evidentiary hearing was held on November 23, 2004, and defendant was represented by counsel at the hearing. Dkt. # 544. Defendant's § 2255 motion was denied and he again sought a certificate of appealability from the Tenth Circuit. On January 22, 2007, the Tenth Circuit affirmed the denial of defendant's § 2255 motion.[1] Dkt. # 585. Defendant has filed at least two other motions that have been treated as second of successive § 2255 motions (Dkt. ## 591, 624), and the motions were dismissed for lack of jurisdiction.

Defendant has filed a notice to preserve his rights under Alleyne, but he disclaims any intention of seeking relief under § 2255. Dkt. # 630, at 2. However, he claims that he was sentenced in violation of Alleyne and he asks the Court for "Alleyne benefits." Id. Defendant asks the Court to reduce his sentence in light of a Supreme Court decision, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). The Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive motion under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant has already filed a § 2255 motion (Dkt. # 482) challenging his conviction and sentence, and the motion was denied after an evidentiary hearing. Defendant has filed at least two other motions (Dkt. # 591, 624) that have been construed as second or successive § 2255 motions. Defendant's current motion (Dkt. # 630) must be treated as a second or successive motion under § 2255.

---

[1] Until December 5, 2008, the case was assigned to the Honorable H. Dale Cook, and the case was randomly reassigned to the undersigned on that date.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant asks for "Alleyne benefits" but he makes no attempt to argue that Alleyne is retroactively applicable to cases on collateral review. In Alleyne, the Supreme Court held that any fact other than a prior conviction that increases a defendant's mandatory statutory minimum

3

sentence must be found by a jury. However, the Tenth Circuit has determined that Alleyne is not applicable to cases on collateral review. In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013). Alleyne announced a new rule of constitutional law but it was also an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and other Supreme Court decisions that have announced extensions of Apprendi have not been made retroactively applicable to cases on collateral review. Id. In other words, Alleyne may not be the basis for a second or successive § 2255 motion. The Court also notes that defendant's sentence was not increased because of a statutory mandatory minimum sentence. Instead, defendant received a life sentence because his total offense level was 50, well in excess of the maximum guideline range of 43 listed on the sentencing table provided in the United States Sentencing Guidelines.[2] The guideline range for an offense level of 43 is life imprisonment, and defendant received a sentence within the advisory guideline range. It would be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit, and his motion (Dkt. # 630) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Notice to Preserve Rights under Alleyne v. United States, 186 L. Ed. 2d 314 (2013) (Dkt. # 630) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of July, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's base offense level was 38 due to the amount of methamphetamine involved in the drug conspiracy. He also received enhancements for possession of a firearm, importation of illegal chemicals, role in the offense, the use of minors in the drug conspiracy, and obstruction of justice.

4